STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-29
TDW - CUM -7/11/2012

EAGLE ASSOCIATES,

Plaintiff

v.

BANK OF AMERICA N.A. and
TD BANK N.A.,

Defendants

ORDER

STATE OF MAINE
Cumberland ss. Clerk's Office

JUL 11 '12

RECEIVED

Before the court is a motion by defendant TD Bank N.A. to dismiss all of the claims asserted against it in the amended complaint. The claims against TD Bank are set forth in counts II, IV, VI, and VIII.[1] Plaintiff Eagle Associates does not oppose the dismissal of counts IV and VI, but opposes the dismissal of counts II (breach of contract) and VIII (negligence).

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217, 220.

The court will consider the major arguments raised by TD Bank in essentially the order that they have been raised.

---

[1] Counts I, III, V, and VII of the amended complaint are directed to the other named defendant in this action, Bank of America N.A.

### 1. 11 M.R.S. 4-406(4)

On the face of the complaint the court cannot conclude that counts II and VIII are barred by UCC § 4-406(4). First, that section bars untimely claims based on unauthorized signatures or alterations on "items," a term defined in § 4-104(1)(g). Eagle Associates' breach of contract and negligence claims go beyond unauthorized signatures on "items" and challenge TD Bank's role in allowing LaPierre to be the sole signatory on the account. Second, there is nothing on the face of the complaint that establishes when any statement or items challenged were made available to the customer – which is the starting point for the one year limitations period under § 4-406(4).

### 2. 11 M.R.S. § 4–111

On the face of the complaint the court cannot conclude that counts II and VIII are necessarily actions brought to enforce " an obligation, duty, or right arising under [Article 4]" of the U.C.C. and are therefore barred by the statute of limitations contained in § 4-111. Nor is the court willing to subscribe to the proposition that Article 4 of the U.C.C., which by its terms governs "bank deposits and collections," necessarily displaces all common law causes of action that in any way arise out of the relationship between a bank and one of its customers. Claims relating to the handling of checks are displaced by the Maine U.C.C., Donovan v. Bank of America, 574 F.Supp.2d 192, 201 (D.Me. 2008), but Eagle Associates' claims in counts II and VIII are not limited to the handling of checks.

### 3. Proximate Cause

On the face of the complaint the court cannot conclude that Eagle Associates will be unable to prove that negligence or breach of contract on the part of TD Bank – if

2

either of those can be proven – were not legal causes of injury or damage to Eagle Associates. It is hornbook law that legally cognizable injuries can have more than one legal cause, and even if any of the injuries suffered by Eagle Associates had more than one legal cause, that would not necessarily preclude recovery against TD Bank.

### 4. Authority of LaPierre

TD Bank argues that Eagle Associates expressly authorized LaPierre to set up the TD Bank account and that TD Bank cannot be held responsible when an authorized agent misuses his authority. Those arguments assume that TD Bank was entitled to conclude that the Consent and the Corporate Resolution, as a matter of law, authorized LaPierre to act alone even though those documents authorize two people, Dulac "and" LaPierre, to establish the account. On the face of the complaint, the court cannot determine (1) whether those documents necessarily allowed either Dulac or LaPierre to establish and control the TD Bank Account, (2) whether those documents instead required that both Dulac and LaPierre be signatories on the account, or (3) whether the documents could have been interpreted in either manner and, if so, whether it was reasonable for TD Bank to have interpreted the documents as it did.

### 5. 9-B M.R.S. §§ 427(2)(B), 427(3)(A)

Sections 427(2)(B) and 427(3)(A) of Title 9-B excuse a bank from having to monitor certain actions by persons designated on the bank's records as fiduciaries and by persons defined as fiduciaries in § 427(3)(B). Even if those provisions apply,[2] they do not necessarily excuse the Bank from allowing LaPierre to exercise sole authority over the account, which is the gravamen of the claims against TD Bank. While the court

---

[2] As Eagle Associates points out, there is a question whether the definition of fiduciary in § 427(3)(B) applies only to § 427(3) and not to the preceding subsection. If not, § 427(2) would apply only to persons designated on the bank records as fiduciaries, and it cannot be determined on the face of the complaint whether LaPierre was so designated.

agrees that those provisions may excuse TD Bank from any responsibility for LaPierre's subsequent actions if the Bank was justified in allowing him to exercise sole authority over the account, those provisions do not justify a dismissal at this stage of the litigation.

The entry shall be:

The motion to dismiss by defendant TD Bank N.A. is granted as to counts IV and VI of the amended complaint and is denied in all other respects. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 11, 2012

Thomas D. Warren
Justice, Superior Court

4

----------------------------------------------------------------------

| 01 | 0000001421 | BEAGLE, C ALAN | | | |
|----|------------|----------------|-----|------|------------|
| | 26 CITY CENTER PO BOX 7044 PORTLAND ME 04112-7044 | | | | |
| F | EAGLE ASSOCIATES | | PL | RTND | 01/12/2012 |

| 02 | 0000001898 | BROWN, RUFUS | | | |
|----|------------|--------------|-----|------|------------|
| | PO BOX 7530 PORTLAND ME 04112-7530 | | | | |
| F | BANK OF AMERICA CORPORATION | | DEF | RTND | 02/07/2012 |

| 03 | 0000002342 | MANN, DEBORAH | | | |
|----|------------|--------------|-----|------|------------|
| | 10 FREE STREET PO BOX 4510 PORTLAND ME 04112 | | | | |
| F | TD BANK US HOLDING COMPANY | | DEF | RTND | 01/27/2012 |